UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LA CIMA NEWPORT PARTNERS, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Civil Action No. 3:14-CV-00081-K |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| | § | |
| Defendant | § | |

### LEXINGTON INSURANCE COMPANY'S MOTION TO RECONSIDER MOTION TO COMPEL APPRAISAL OR, IN THE ALTERNATIVE, MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

On January 17, 2014, Defendant Lexington Insurance Company ("Lexington") filed its Motion to Compel Appraisal and Plea In Abatement. On January 27, 2014, Plaintiff La Cima Newport Partners, LP[1] ("Plaintiff") filed its response to said motion. Lexington subsequently filed a reply brief in order to correct certain factual and legal misrepresentations made in Plaintiff's response. Plaintiff's response contained no basis in law or fact to refute Lexington's contractual right to seek to resolve this matter through appraisal. Moreover, Plaintiff's response provided the Court with an incorrect rendition of the facts, which Lexington believes may have formed the basis for denying the Motion to Compel Appraisal. As such, Lexington now moves for the Court to reconsider the law and facts that have been presented in order to correct a possible mistake of law and/or fact and to prevent manifest injustice. Alternatively, Lexington asks that the Court issue findings of fact and conclusions or law regarding its ruling on Lexington's Motion to Compel Appraisal and Plea in Abatement.

---

[1] As noted in Lexington's Amended Notice of Removal and Lexington's Answer, the named plaintiff, "La Cima Newport Partners LLC" does not exist. It is Lexington's belief that the plaintiff should be "La Cima Newport Partners LP."

1

## MOTION TO RECONSIDER

1. [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties ***and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.***

FED. R. CIV. P. 54(b) (emphasis added). Here, the Court's denial of Lexington's Motion to Compel Appraisal and Plea in Abatement was not "a judgment adjudicating all the claims and all the parties' rights and liabilities." Accordingly, the more restrictive substantive and timeliness standards of Rules 59(e) or Rule 60 for reconsideration of a "judgment" do not factor into the Court's power to reconsider its denial of Lexington's motion. Thus, the applicable standard for this motion is that the Court "is free to reconsider and reverse its decision for any reason it deems sufficient." *See McKethan v. Texas Farm Bureau*, 996 F.2d 734, 738 (5th Cir. 1993).

2. Appraisal clauses, commonly found in property policies in Texas, provide a means to resolve disputes about the amount of loss for a covered claim. *See State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 888 (Tex.2009). These clauses are enforceable, absent illegality or waiver. *See id.* ("'In the absence of fraud, accident, or mistake, the parties having agreed that the amount of loss shall be determined in a particular way, we are constrained to hold that such stipulation is valid.'"(quoting *Scottish Union & Nat'l Ins. Co. v. Clancy,* 71 Tex. 5, 8 S.W. 630, 631 (1888))). Appraisals can provide a less expensive, more efficient alternative to litigation, and as the Texas Supreme Court held, "should generally go forward without preemptive intervention by the courts." *Id.* at 895.

3. Where an insurance contract mandates appraisal to resolve the parties' dispute regarding the value of a loss, and the appraisal provision has not been waived, a trial court

2

abuses its discretion and misapplies the law by refusing to enforce the appraisal provision. *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556 (Tex. App.—Houston [14th Dist.] 2010, no pet). Because a court should indulge every reasonable presumption to sustain an appraisal award, the burden of proof is on the party seeking to avoid an award pursuant to an appraisal process under an insurance contract. *Lundstrom v. United Services Auto. Ass'n-CIC*, 192 S.W.3d 78 (Tex. App.—Houston [14th Dist.] 2006, pet denied).

    4.    The operative language in the insurance policy at issue in this matter provides:

> APPRAISAL: If the Company and the Insured disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If the appraisers cannot agree on an umpire, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the replacement cost and actual cash value of the property and amount of loss. If they fail to agree, they will submit their differences to an umpire. A decision agreed to by any two will be binding. Each party will:
>
> 1. Pay its chosen appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, it is without prejudice to the Company's rights under the terms and conditions of the Policy and the Company's right to deny the claim.[2]

    5.    After conducting not one but two separate inspections of the insured's property, on September 27, 2013, Lexington paid to the Plaintiff $64,514.10. This amount was believed to compensate the Plaintiff for any and all damage that it had incurred. Regardless, without warning or prior notice, on October 11, 2013, Plaintiff's counsel sent a demand letter to Lexington (attached as Exhibit B). After a formulaic recitation of various insurance code and DTPA provisions, the letter demanded payment of over $1.5 million. Somewhat confusingly, the letter

---

[2] Lexington Insurance Policy No. 025031983, attached as Exhibit A.

contained no supporting documentation other than an estimate from the Plaintiff's public insurance adjuster indicating a replacement cost value of the allegedly damaged or destroyed property of $517,267.21. Plaintiff made no attempt to explain how its estimate for $517,267.21 yielded *actual damages* in excess of $1.5 million. After reviewing and considering the insured's demand, it was apparent that there existed a misunderstanding or disagreement regarding the amount or value of the insured's loss. Therefore, on November 22, 2013, a mere 42 days after receiving the insured's demand, Lexington sought to resolve this disagreement or misunderstanding through appraisal. Lexington did this by formally communicating its desire to appraise the loss in a letter to the insured (attached as Exhibit C). Rather than fulfill its contractual obligation to participate in appraisal, the insured initiated the instant suit on December 11, 2013.

6.	In responding to Lexington's Motion to Compel Appraisal, the Plaintiff attached, as its only evidence, a self-serving affidavit from the insured's representative which contains gross misstatements of the facts. The affidavit is riddled with wild, unsubstantiated accusations, and as such, is of no real probative value in considering the merits of Lexington's motion. It was the Plaintiff's burden to present the court with a valid basis for denying Lexington's right to appraisal, yet the Plaintiff made no attempt to meet that burden. *Lundstrom v. United Services Auto. Ass'n-CIC*, 192 S.W.3d 78, 81 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). To make matters worse, the Plaintiff resorted to brazenly misrepresenting facts in order to convince the Court that Lexington had somehow waived its right to appraisal. Specifically, Plaintiff claimed that, prior to the initiation of the instant suit, Lexington "never formally invoked appraisal."[3] As has been previously explained, Lexington formally invoked appraisal in a written

---

[3] Plaintiff's Response to Lexington's Motion to Compel Appraisal and Plea in Abatement, at p. 4.

letter to the insured on November 22, 2013, a full 19 days before the initiation of this suit, and a mere 42 days after receiving the insured's demand letter. Plaintiff's assertion that appraisal was never invoked is a barefaced misrepresentation to this Court, and as this was the only evidence attached to the Plaintiff's response, Lexington is concerned that this provided the Court with an erroneous basis for it to deny the Motion to Compel Appraisal.

7. Additionally, in attempting to support its claim that Lexington waived its right to seek appraisal, Plaintiff represented that Lexington *denied* Plaintiff's insurance claim. Again, this is untrue, as Lexington promptly and unconditionally paid Plaintiff's claim to the tune of $64,514.10. Lexington is similarly concerned that these misrepresentations may have unfairly skewed the Court's decision.

8. As articulated in *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556 (Tex. App.—Houston [14th Dist.] 2010, no pet), in the absence of waiver, it is an abuse of discretion and a misapplication of law if a court refuses to enforce a valid appraisal provision.[4] Applying this logic to the facts at hand, as this Court has denied Lexington's Motion to Compel Appraisal, the Court must have based its denial on Lexington's putative waiver of its right to appraisal. Waiver of the right to appraisal requires a showing of prejudice, however. *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 408 (Tex. 2011). A plain reading of Plaintiff's Response shows it made no attempt to articulate any prejudice that it suffered as a result of Lexington's alleged waiver.

---

[4] *See also Dwyer v. Fidelity Nat. Prop. & Cas. Ins. Co.,* 565 F.3d 284, 288 (5th Cir. 2009) (even after the expenditure of significant judicial resources and completion of a trial, the appropriate remedy for a trial court's erroneous failure to enforce an appraisal clause is remand to the trial court with instructions to order the parties to appraisal).

9. As such, the parties are left in a position where no prejudice was shown, and therefore no waiver can result; yet the appraisal provision was not enforced. Again, based on the reasoning in *In re Slavonic*, this cannot be the case. Either appraisal must be granted, or a finding of waiver by the Court. Short of this, Lexington believes the denial is the result of a mistake of law or fact. As such, Lexington respectfully requests that the court re-address the facts and law and render an appropriate opinion.

## MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

10. Alternatively, Lexington requests that the Court elaborate on its denial of Lexington's Motion to Compel Appraisal by issuing findings of fact and conclusions of law. Although the Court is not compelled to do so, the Fifth Circuit has made clear that an outline of the district court's reasoning can assist the parties as well as the Court of Appeals in deciding whether there are appealable issues or whether the ruling must stand. *See, e.g., Farbwerke Hoeschst A.G. v. M/V ""Don Nicky""*, 589 F.2d 795, 798 (5th Cir. 1979); *Mosley v. Ogden Marine, Inc.*, 480 F.2d 1226 (5th Cir. 1973). This is especially true when the appellate court cannot ascertain which of several theories formed the basis of the Court's ruling. *Mosley v. Ogden Marine, Inc.*, 480 F.2d at 1226.

11. As indicated throughout this motion, Lexington is concerned that the Court's ruling is based on Plaintiff's misguided rendition of the facts or a misapplication of the governing law. However, as it stands, the parties are unable to divine the Court's reasoning from the order issued. As such, Lexington respectfully requests that the Court issue findings of fact and conclusions of law pertaining to its denial of Lexington's Motion to Compel Appraisal and Plea in Abatement.

6

## **CONCLUSION AND PRAYER**

12. The facts are simple: Lexington diligently and timely investigated and paid Plaintiff's insurance claim. When Plaintiff was unhappy with the amount of the payment, it demanded payment of roughly 25 times the amount that Lexington had assessed and paid. A mere 42 days later, Lexington formally and unequivocally demanded that the parties resolve the dispute through appraisal. 19 days after that, rather than cooperating with Lexington, Plaintiff chose to file the instant suit, in direct violation of the Policy and to the detriment of all parties involved. Shortly after removing this matter to this Court, Lexington moved to compel the parties to conduct the appraisal that it has properly requested months before. Despite the Plaintiff's attempt to skew and dramatize the facts, Lexington has done nothing to waive its right to appraisal and is entitled to seek resolution of this matter in that manner, as dictated by the express terms of the subject insurance policy. Lexington respectfully requests the Court to reconsider the facts and law surrounding the Motion to Compel Appraisal and Plea in Abatement, and reverse its previous order. Alternatively, Lexington hereby requests that the court issue findings of fact and conclusions of law so that the parties can gain insight into the Court's basis for denying Lexington's motion.

        Respectfully submitted,

        *William J. Eggleston*
        William J. Eggleston
        State Bar No.: 06483500
        Southern District Bar No.: 1989
        wje@egglestonbriscoe.com
        **EGGLESTON & BRISCOE, LLP**
        333 Clay Street, Suite 4800
        Houston, Texas 77002
        713/659-5100 - Telephone
        713/951-9920 - Facsimile

        ATTORNEY FOR DEFENDANT
        LEXINGTON INSURANCE COMPANY

OF COUNSEL:

Raymond L. Gregory
State Bar No. 08438275
rlg2@egglestonbriscoe.com
Adam C. Gutmann
State Bar No. 24074336
acg@egglestonbriscoe.com
EGGLESTON & BRISCOE, LLP
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
713.659.5100
713.951.9920 – fax

## **CERTIFICATE OF CONFERENCE**

  I certify that on March 10, 2014, counsel for Defendants conferred with counsel for Plaintiff regarding the subject of the above motion(s) and Plaintiff's counsel noted that he is opposed to the motion(s).

        */s/ William J. Eggleston*
        William J. Eggleston

## **CERTIFICATE OF SERVICE**

I certify that on this 11th day of March, 2014, a true and correct copy of the foregoing was forwarded to all counsel of record, including those indicated below, via any proper method of service allowed by the Federal Rules of Civil Procedure or via any method of service agreed to by the parties:

Bill Voss
Scott Hunziker
The Voss Law Firm
26619 Interstate 45 South
The Woodlands, Texas 77380

> */s/ William J. Eggleston*
> William J. Eggleston